UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WILLIE LYNN BROWN,**

    **Plaintiff,**

v.                                                 Case No. 8:11-cv-1308-T-30MAP

**CBOCS, INC.,**
**d/b/a Cracker Barrel Old Country Store,**

    **Defendant.**
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss, or, Alternatively, for a More Definite Statement (Dkt. 12). Plaintiff, who is proceeding *pro se*, did not file a response in opposition. The Court, having considered the motion, and being otherwise advised of the premises, concludes that the motion should be granted to the extent that Plaintiff should amend his complaint to comply with the Federal Rules of Civil Procedure.

**DISCUSSION**

*Pro se* Plaintiff Willie Lynn Brown was employed by Defendant CBOCS, Inc. ("Cracker Barrel") as a server. Plaintiff's amended complaint alleges claims for race discrimination, hostile work environment, constructive discharge, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e), *et seq.* ("Title VII).

Defendant moves to dismiss Plaintiff's amended complaint based, in part, on the amended complaint's failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Rule 8(a) of the Federal Rules of Civil Procedure provides in relevant part that "[a] pleading which sets forth a claim for relief shall contain a short and plain statement of the claim showing that the pleader is entitled to relief."

Rule 10(b) of the Federal Rules of Civil Procedure provides in relevant part that "[a] party must state its claims or defenses in numbered paragraphs, *each limited as far as practicable to a single set of circumstances*."  (emphasis added).

Plaintiff's amended complaint is twenty-three single-spaced pages, containing approximately thirty numbered paragraphs, with approximately seventy sub-paragraphs. The allegations are also written in a rambling, narrative format, with overly verbose, stream of consciousness thoughts, making it nearly impossible for Defendant to formulate an answer. Simply put, the allegations are not "short and plain," nor are they limited to a "single set of circumstances." *Id.*

Accordingly, the Court concludes that Plaintiff's amended complaint should be dismissed, without prejudice to Plaintiff to amend his complaint to comply with the Federal Rules of Civil Procedure, as explained above.  The Court notes that *pro se* pleadings are entitled to "liberal construction." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998).  But, such complaints should still comply with the procedural rules governing the proper form of pleadings. *See Heard v. Nix*, 170 Fed.Appx. 618, 619 (11th Cir. 2006).

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss, or, Alternatively, for a More Definite Statement (Dkt. 12) is GRANTED, for the reasons stated above.

2. The amended complaint is DISMISSED without prejudice to Plaintiff to file a second amended complaint against Defendant that conforms with the pleading requirements set forth in the Federal Rules of Civil Procedure within twenty (20) days from the date of this Order.

3. If Plaintiff fails to file a second amended complaint within twenty (20) days from the date of this Order, this case shall remain dismissed without prejudice, and the Court will direct the Clerk to administratively close this case, without further notice to the parties.

**DONE** and **ORDERED** in Tampa, Florida on March 8, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-1308.mtdismiss12.frm