**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WILLIE LYNN BROWN,** *pro se,*

    **Plaintiff,**

v.                                                                 Case No.  8:11-cv-1308-T-30AEP

**CBOCS, INC.,**
**d/b/a Cracker Barrel Old Country Store,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. 26) and Plaintiff's Response in opposition (Dkt. 29). The Court, having considered the motion, response, and being otherwise advised of the premises, concludes that the motion should be granted and this case dismissed, with prejudice.

## DISCUSSION

*Pro se* Plaintiff Willie Lynn Brown was employed by Defendant CBOCS, Inc. ("Cracker Barrel") as a server. Plaintiff's third amended complaint alleges claims for race discrimination, hostile work environment, constructive discharge, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e), *et seq.*

Defendant moves to dismiss Plaintiff's third amended complaint based on its repeated failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Defendant

also contends that Plaintiff's allegations do not state viable claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Court granted Plaintiff three opportunities to amend his complaint to comply with the Federal Rules of Civil Procedure. Despite these opportunities, Plaintiff's third amended complaint suffers from the same deficiencies. In fact, the third amended complaint is almost identical to Plaintiff's two prior amended complaints, with only some stylistic differences and rearranging of paragraphs. Thus, the third amended complaint is subject to dismissal, with prejudice.

As Defendant points out, the third amended complaint also fails to state a claim upon which relief can be granted. On September 9, 2011, Magistrate Judge Anthony E. Porcelli issued an eighteen-page Order, discussing Plaintiff's allegations, the claims he was attempting to assert, and how the allegations were insufficient to state actionable claims (Dkt. 5). Plaintiff's third amended complaint does not remedy these deficiencies, which also subjects it to dismissal, with prejudice.

In sum, Plaintiff received three chances to amend his complaint to comply with the Federal Rules of Civil Procedure and state allegations sufficient to state a claim. Plaintiff's third amended complaint suffers from the same deficiencies as the former complaints, and any further amendment would be futile at this point.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. 26) is hereby granted.

2. This case is dismissed with prejudice.

3. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on June 12, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-1308.mtdismiss26.frm